IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1996 SESSION

FILED

August 9, 1996

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9509-CR-00291 |
| Appellee, | ) | |
| | ) | SUMNER COUNTY |
| VS. | ) | |
| | ) | HON. JANE WHEATCRAFT, |
| PRISCILLA ANN BLAKEMORE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:  FOR THE APPELLEE:


DAVID DOYLE
District Public Defender

PAMELA E. BECK
Asst. Public Defender
117 East Main Street
Gallatin, TN 37066

M. ALLEN EHMLING
McClellan, Powers, Ehmling & Dix
116 Public Square
Gallatin, TN 37066

CHARLES W. BURSON
Attorney General & Reporter

MICHELLE L. LEHMANN
Asst. Attorney General
450 James Robertson Pkwy.
Nashville, TN  37243-0493

LAWRENCE RAY WHITLEY
District Attorney General

DEE D. GAY
Asst. District Attorney General
Cordell Hull Bldg.
113 West Main Street
Gallatin, TN 37066


OPINION FILED:_____



AFFIRMED


JOHN H. PEAY,
Judge

# O P I N I O N

This appeal represents three consolidated cases. The defendant pled guilty to three counts of forgery, one count of theft over one thousand dollars ($1000), two counts of passing a forged check, and one count of passing a worthless check. For each count of forgery and passing a forged check, the trial court sentenced the defendant to three years in the Department of Correction as a Range II multiple offender. For the theft offense, the trial court sentenced her to three years in the Department of Correction as a Range I standard offender. For passing a worthless check, the trial court sentenced her to eleven months and twenty-nine days at seventy-five percent (75%) to be served in the Sumner County jail. All sentences were ordered to run concurrently.

In this appeal as of right, the defendant challenges the manner of service of her sentences, arguing that the trial court abused its discretion in failing to grant her alternative sentencing. We find that the defendant's issue lacks merit, and her sentences are therefore affirmed.

In case number 8889, the defendant was indicted on November 9, 1994, on two counts of forgery and two counts of passing a forged writing. On February 17, 1995, she pled guilty to the two forgery counts, and the remaining counts were retired. In case number 8997, the defendant was indicted on February 8, 1995, on one count of theft of property valued in excess of one thousand dollars ($1000), and she pled nolo contendere to that charge on May 17, 1995. In case number 9036, the defendant was indicted on March 8, 1995, on two counts of forgery, three counts of passing a forged check, and two counts of passing a worthless check. On June 12, 1995, she pled guilty to one count of forgery, two counts of passing a forged check, and one count of passing

2

a worthless check. The remaining counts of the indictment were retired. The defendant committed the offenses to which she pled guilty on various days from July of 1994 through November of 1994.

The sentence for each offense was agreed upon through plea negotiations, and the trial court accepted all of the sentences. As agreed upon in the plea negotiations, all sentences were ordered to run concurrently. The sole question left open by the plea agreements was the manner of service of the sentences.

On July 28, 1995, the trial court conducted a sentencing hearing for the purpose of determining the manner of service of the sentences. The State offered no proof other than the information contained in the presentence report. The presentence report revealed that the defendant has had a recurring drug problem. In addition, the presentence report indicated that the defendant has seventeen prior criminal convictions, dating from June of 1983 to the present. Two of these convictions were for felonies.

The defendant testified in her own behalf at the sentencing hearing. She stated that she is thirty-two years old and lives in Gallatin with her boyfriend and his mother. She has an eleventh grade education and is studying for her GED. Before her bond was revoked, she worked for Western Reserve Products and, if released, she hopes to gain employment there again. With regard to her physical condition, the defendant is blind in one eye, has cataracts and glaucoma in the other eye, and is epileptic. She testified that she had used both marijuana and cocaine in the past. In fact, she stated that she had committed the present offenses to support her cocaine addiction. Upon cross-examination, the defendant admitted that she had used cocaine even within the month preceding the sentencing hearing. As far as providing a reason why she

should not be incarcerated, the defendant testified that she was preparing to marry, and her children, who had been away for eight years, were about to return to stay with her. The defendant stated that she wanted to prove herself to her children. As a result, the defendant requested that she be placed on some form of intensive probation with weekly drug screening and that she be allowed to attend outpatient drug addiction treatment.

After hearing all of the proof, the trial court denied the defendant's request for alternative sentencing. The trial judge made the following findings at the sentencing hearing:

> This defendant has a long prior criminal history. She has 17 prior convictions. She has been in the penitentiary, she came out, she continued to use drugs, she continued to break the law. She's been on probation previously with this Court. She has been given drug treatment opportunities in the past, and she has never availed herself of that. Each and every time that she has been given a chance she has managed to find another way to break the law.
> She was under the influence when she came to Court to testify in the Spurlock case, because I had her tested, and I have the results of that test. It's my belief that she came to Court under the influence when she plead guilty, and again at the sentencing hearing. She has lied to me here today.
> I don't see anything to do with this defendant but put her in the penitentiary, and that's what I'm going to do.
> She was previously offered by the State six months in jail and six months in a halfway house and turned that down. I didn't like that in the beginning. After having heard her testify today I feel even more secure in the judgment that I am imposing.

The trial court then ordered the defendant to serve her felony sentences with the Department of Correction and her misdemeanor sentence at the county jail, effectively sentencing her to three years at thirty-five percent (35%) as a Range II multiple offender.

In her only issue on appeal, the defendant contends that the trial court abused its discretion in refusing to grant her alternative sentencing. The defendant

4

claims that she met all of the eligibility criteria for probation or Community Corrections and that some form of alternative sentencing would better serve her special need for drug addiction treatment.

When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

T.C.A. § 40-35-103 sets out sentencing considerations which are guidelines for determining whether or not a defendant should be incarcerated. These include the need "to protect society by restraining a defendant who has a long history of criminal conduct," the need "to avoid depreciating the seriousness of the offense," the determination that "confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses," or the determination that "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." T.C.A. § 40-35-103(1).

In determining the specific sentence and the possible combination of sentencing alternatives, the court shall consider the following: (1) any evidence from the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and the arguments concerning sentencing alternatives, (4) the nature and characteristics of the offense, (5) information offered by the State or the defendant concerning

5

enhancing and mitigating factors as found in T.C.A. §§ 40-35-113 and -114, and (6) the defendant's statements in his or her own behalf concerning sentencing. T.C.A. § 40-35-210(b). In addition, the legislature established certain sentencing principles which include the following:

> (5) In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration; and

> (6) A defendant who does not fall within the parameters of subdivision (5) and is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary.

T.C.A. § 40-35-102.

After reviewing the statutes set out above, it is obvious that the intent of the legislature is to encourage alternatives to incarceration in cases where defendants are sentenced as standard or mitigated offenders convicted of C, D, or E felonies. However, it is also clear that there is an intent to incarcerate those defendants whose criminal histories indicate a clear disregard for the laws and morals of society and a failure of past efforts to rehabilitate.

The State concedes that the defendant has met the general statutory eligibility requirements for probation or Community Corrections. See T.C.A. § 40-35-303(a) (1990); T.C.A. § 40-36-106(a) (1990). Mere eligibility, of course, does not end the inquiry. Instead, the defendant still bears the burden of establishing that she is a suitable candidate for alternative sentencing. See T.C.A. § 40-35-303(b); State v.

6

Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). Militating against alternative sentencing are circumstances indicating that measures less restrictive than confinement have recently been applied unsuccessfully to the defendant or that confinement is necessary either to protect society from a defendant with a long history of criminal conduct or to avoid depreciating the seriousness of the offense. See T.C.A. § 40-35-103(1); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In the present case, the trial court denied alternative sentencing primarily because of the defendant's extensive criminal history. She has seventeen prior convictions spanning nearly every year from 1983 through 1994, including a number of theft and forgery convictions. The defendant received a variety of punishments for these offenses, including probation, suspension of sentence upon payment of costs, house arrest, drug treatment, "no contact" orders, restitution, and some limited periods of incarceration. The record fully supports the trial court's implicit finding that measures less restrictive than confinement have been frequently applied to the defendant without success and that confinement is necessary to protect society from her criminal behavior. As the trial court stated, "every time that she [the defendant] has been given a chance she has managed to find another way to break the law." The defendant's lack of potential for rehabilitation militates against alternative sentencing. See T.C.A. § 40-35-103(5) (1990). Moreover, the trial court, in finding that the defendant had lied at the sentencing hearing, properly considered her untruthfulness as a factor supporting the denial of alternative sentencing. See State v. Dykes, 803 S.W.2d 250, 259-260 (Tenn. Crim. App. 1990).

From a review of the entire record, we can only conclude that the trial court did not abuse its discretion in denying the defendant's request for alternative sentencing. The judgment of the trial court is therefore affirmed.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
DAVID G. HAYES, Judge


_____
WILLIAM M. BARKER, Judge